Charles L. Murray III, SBN 195053
444 South Flower St., Suite 1500
Los Angeles, California 90071
Telephone (213) 627-5983
Facsimile (213) 627-6051

Attorney for Plaintiff
MARK D. DAVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

| | |
|---|---|
| MARK D. DAVIS,<br><br>   Plaintiff,<br><br> vs.<br><br><br>DAVIDSON HOTEL COMPANY, LLC, a Delaware limited liability company; TOM HARWELL, an individual; and DOES 1-50, inclusive,<br><br>   Defendants | Case No: CV12-06327 CAS (AJWx)<br><br>Honorable Christina A.  Snyder<br><br>**PLAINTIFF MARK DAVIS' OPPOSITION TO DEFENDANTS EX PARTE APPLICATION TO SHORTEN TIME TO FILE A MOTION IN LIMINE TO EXCLUDE WITNESSES TIMELY IDENTIFIED IN PLAINTIFF'S RULE 26 DISCLOSURES; DECLARATION OF CHARLES L. MURRAY III IN SUPPORT THEREOF** |

**TO THE HONORABLE CHRISTINA A. SNYDER, UNITED STATES DISTRICT COURT JUDGE, AND TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

  Plaintiff MARK DAVIS hereby submits his opposition to Defendants *ex parte* application based on the following undisputed facts.

- Defendants *ex parte* application improperly seeks to remedy Defendants failure to file a timely motion in limine.  Defendants had **seventy-six (76) days** to file their motion to exclude witnesses identified in Plaintiff's October 17, 2012 Rule 26 witness disclosures.  **There are no new witnesses as Defendants misrepresent.**

- The one-day delay in the Local Rule Filing did not create prejudice as Defendants would still not have been able to timely file their motion in limine.

- Defendants "Friday Night" 8:30PM Ex Parte Notice is gamesmanship without any evidence of a Meet and Confer.  [Murray Declaration ¶11 & 12]

- Defendants cannot feign surprise to Plaintiff's theory of "Harassment by Association" as they were given notice of it in the First Amended Complaint; Defendants even briefed this issue in their Reply to the MSJ Opposition; in addition to the Court's briefing of the issue in the Court's Tentative Ruling. Defendants own Memorandum of Contentions of Fact and Law Address this Issue.  [Murray Declaration ¶9 & 10]

- Plaintiff identified Leila Clark and Mohamad Ghazizadeh in his Rule 26 disclosures and in his Local Rule 16-2.4 memorandum.

- Defendants conducted no depositions nor discovery related to Leila Clark and Mohamad Ghazizadeh. [Murray Declaration ¶4]

- On May 21, 2013, at the Pre-Trial Meeting, Counsel for Defendants informed Plaintiff's Counsel that she intended on filing a Motion in Limine to exclude harassment testimony directed towards Tracy Ward.  [Murray Declaration ¶5]

OPPOSITION TO DEFENDANTS EX PARTE APPLICATION TO SHORTEN TIME

Based on the above undeniable facts, Defendants improper motion seeking relief from their own self-created "crisis" should be denied under *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)

## I.  <u>FACTUAL BACKGROUND</u>

| | |
|---|---|
| October 17, 2012 | Plaintiff serves Rule 26 Disclosures identifying Leila Clark and Mohamad Ghazizadeh as witnesses and anticipated testimony.  [Defendants Exhibit C] |
| | [Defendants conducted no depositons of Clark & Ghazizadeh] |
| May 21, 2013 | Pre-Trial Conference of Counsel; <u>Defense counsel informs Plaintiff's counsel of her intention to file a Motion in Limine regarding Harassment Testimony towards 3rd Parties</u> [Declaration of Charles Murray ¶ 5]. |
| **June 3, 2013** | **Last day to file Motions in Limine on 28 day Notice.** |
| June 10, 2013 | Due date: Witness list and Memorandum of Contentions of Fact and Law |
| June 11, 2013 | Plaintiff files Witness List <u>again</u> identifying Leila Clark and Mohamad Ghazizadeh as witnesses and Memorandum of Contentions of Fact and Law. [Defendants Exhibits A & B] |
| June 14, 2014 | Defendant file *ex parte* application claiming Leila Clark and Mohamad Ghazizadeh are new witnesses. |
| July 1, 2013 | Pre-Trial Conference, Motions in Limine to be heard. |

## II.  EX PARTE APPLICATIONS ARE SOLELY FOR EXTRAORDINARY RELIEF, NOT TO REMEDY A SELF-CREATED "CRISIS"

Though the party opposing an ex parte application "does have a chance to be heard, the parties' opportunities to prepare are grossly unbalanced. Often, the moving party's papers reflect days, even weeks, of investigation and preparation; the opposing party has perhaps a day or two." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Thus, to justify ex parte relief, applicant must show that (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" **and (2) it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."** [Id. at 492][emphasis added]

The applicant "must show why [it] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." Id.

## III.  DEFENDANTS ARE ENTIRELY AT FAULT,  TACITLY ADMITTING THEIR FAILURE TO FILE A TIMELY MOTION WITHIN 76 DAYS.

Defendants own *ex parte* exhibits undeniably establish Defendants are solely at fault for not timely filing their motion.

Defendants exhibits tacitly concede Plaintiff disclosed both Leila Clark and Mohamad Ghazizadeh as witnesses and their anticipated testimony in his October 17, 2013 Rule 26 disclosures [Defendants *Ex Parte* Exhibit C]. Thus it is admitted Defendants were on notice of both the identities and content of testimony of both witnesses.  Defendants had 76 days to timely file but choose not to.

Defendants sat idle, choosing not to file timely motions, but instead gambled on this Court buying into their legally unsupported argument that because Plaintiff is not "gay" or a "queer" he lacks standing under FEHA.

**Simply put, Defendants gamble failed and now they are engaging in nothing more than damage control, improperly seeking to remedy their own inexcusable failure to timely file a 28-day noticed motion within a 76 day window of time.  Ex**

OPPOSITION TO DEFENDANTS EX PARTE APPLICATION TO SHORTEN TIME

parte relief is thus inappropriate under *Mission Power.*

Ex parte motions are not meant to remedy self-induced gambling debts or inexcusable decisions not to file a 28-day noticed motion within a 76 day window.

## IV. DEFENDANTS SEEK TO MISLEAD THIS COURT TO HIDE THEIR CULPABILITY BY WRONGFULLY ALLEGING NEW WITNESSES.

Defendants *ex parte* motion blames Plaintiff to justify Defendants failure to "discover" Leila Clark and Mohamad Ghazizadeh as witnesses and that they have only now "first learned" of these witnesses. [Defendants *ex parte* Motion Page 2, Lines 2-7]. Defendants' argument is disproved by their exhibits.

Defendants Exhibit C [Plaintiff's **October 17, 2012** Rule 26 disclosures] clearly lists both Leila Clark and Mohamad Ghazizadeh as witnesses:

> *F. Mohammad Ghazizadeh, employed by Hilton Corporate in Anaheim, facts surrounding complaint for harassment and hostile work environment alleged in Plaintiff's complaint, including harassment hostility towards Tracy Ward;*

> *I. Leila Clark, employed by Defendant, facts surrounding complaint for harassment and hostile work environment alleged in Plaintiff's complaint, including harassment hostility towards Tracy Ward;*

Defendants again improperly claim that Plaintiff's failure to mention Clark and Ghazizadeh as witnesses at the pretrial hearing warrants *ex parte* relief and exclusion to divert the Court's attention from Defendants self induced crisis.

> *Defendants now seek to exclude at the Pre-Trial Conference of Counsel required by Local Rule 16-2.4 [Defendants ex parte application Page 2, Lines 2-3]*

> ***Plaintiff's failure to disclose witnesses** and accurately set forth his contentions of law and fact at the pre-trial conference of counsel, and the fact that he instead revealed **new witnesses** . . . on June 11, 2013, which have necessitated this Application. (Fromholz Decl., ¶¶ 3, 4, 5.) [Defendants ex parte application Page 4, Lines 1-8]*

**Defendants' argument does not hold water and is again factually disproved by their exhibits.**

Local Rule 16-2.4 states in relevant part:

*L.R. 16-2.4 Disclosure of Witnesses*. The parties shall disclose the information required by F.R.Civ.P. 26(a)(3)(A)(i) and (ii) as to witnesses (including expert witnesses) to be called at trial other than those contemplated to be used solely for impeachment.

Local Rule 16-5 states in relevant part:

*L.R. 16-5 Witness List*. Each party shall serve and file under separate cover, at the same time as the Memorandum of Contentions of Fact and Law, a witness list containing the information required by F.R.Civ.P. 26(a)(3)(A).

**Leila Clark and Mohamad Ghazizadeh were disclosed in the October 17, 2012 Rule 26 Disclosures [Defendants Ex. C].**

**Leila Clark and Mohamad Ghazizadeh were <u>again</u> disclosed by Plaintiff in his June 11, 2013 Rule 16-4 Witness List.  [Defendants Ex. A]**

Undeniably Clark and Ghazizadeh (and their anticipated content of testimony) were not "new" as misleadingly alleged in Defendants application.

The remaining issue is a one-day delay.  Defendants do not, nor can they establish the one-day caused prejudice, warranting *ex parte* relief.

**V.   <u>THE SINGLE DAY DID NOT CAUSE PREJUDICE AS DEFENDANTS WOULD STILL HAVE BEEN UNABLE TO FILE A TIMELY MOTION.</u>**

As established through Defendants Exhibits A, B and C, Defendants were aware of Leila Clark and Mohamad Ghazizadeh and their anticipated testimony on October 17, 2012.  **These were not "new" witnesses.**

What remains is a complete absence of prejudice to Defendants caused by a single day delay in Plaintiff filing his Local Rule 16-4 Memorandum and Witness list.

Admittedly Plaintiff filed his Local Rule 16-4 memorandum on June 11, 2013, one-day late.  However had Plaintiff filed said memorandum on June 10, 2013

1 | Defendants would still not have been able to file a timely motion in limine.

2 |      Assuming arguendo Plaintiff filed on June 10, 2013, Defendants deadline to file a

3 | timely motion in limine was still June 3, 2013.

4 |      **The single day does cause <u>any</u> prejudice, nor excuse Defendants decision not**

5 | **to file their motion in limine by June 3, 2013.  In fact Defendants had 76 days to file**

6 | **but simply choose to gamble on their Motion for Summary Judgment rather than**

7 | **bother with motion scheduling.**

8 |      Accordingly, Defendants request for *ex parte* relief should be denied.

9 | **VI.  <u>DEFENDANTS PROPOSED MOTION IN LIMINE IS A DISGUISED</u>**

10 |      **<u>EFFORT TO KEEP RELEVANT EVIDENCE AWAY FROM THE JURY.</u>**

11 |      Defendants proposed Motion in Limine seeks to exclude Leila Clark and

12 | Mohamad Ghazizadeh from testifying and any reference to facts or motive behind

13 | discrimination, harassment and wrongful termination of Plaintiff because of his

14 | affiliation or advocacy of Tracy Ward who is openly gay.

15 |      The improper motive for Defendants motion flows from this Court's denial of

16 | Defendants Motion for Summary Judgment.  Defendants are now faced with their

17 | gambling loss and now engage in improper damage control before trial.

18 |      Defendants' reliance on Federal Rules of Evidence 401, 402 and 403 is simply

19 | unpersuasive.

20 |      Rule 401 holds *Evidence is relevant if (a) it has any tendency to make a fact more*

21 | *or less probable than it would be without the evidence; and (b) the fact is of*

22 | *consequence in determining the action.*  Obviously facts related to sexual orientation

23 | and affiliation or advocacy with a member of a protected class under FEHA meets <u>both</u>

24 | requirements under 401.

25 |      Defendants offer no supporting facts under Rule 402 *Relevant evidence is*

26 | *admissible unless any of the following provides otherwise: the United States*

27 | *Constitution; a federal statute; these rules; or other rules prescribed by the Supreme*

28 | *Court.*

Lastly, Defendants reliance on Rule 403 is speculative, argumentative and improperly seeks to exclude probative evidence related to factual issues of association or advocacy with a member of a protected class, retaliation and wrongful termination, and any material that will harm Defendants.

This Court eloquently stated in its tentative ruling denying Defendants Motion for Summary Judgment:

> "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE ServiceCorp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) [Tentative Ruling June 3, 2013]

Evidence Rule 403 was not intended to be used to exclude probative evidence simply because it harms Defendants case.

## VII.  CONCLUSION

Defendants *ex parte* application for an order to shorten time should be denied as Defendants bare sole responsibility for creating their own crisis by not filing a timely 28-day noticed motion within the 76 days afforded to them.

Leila Clark and Mohamad Ghazizadeh are not new witnesses and Defendants cannot demonstrate prejudice by a single day delay, as they still would have failed to file a timely motion regardless.

Accordingly Defendants *ex parte* application should be denied.

Dated June 15, 2013                Respectfully Submitted for the Plaintiff

By:    __/s/ Charles Murray_____
                Charles L. Murray III
                Attorney for PLAINTIFF MARK DAVIS

OPPOSITION TO DEFENDANTS EX PARTE APPLICATION TO SHORTEN TIME