Charles L. Murray III, SBN 195053
444 South Flower St., Suite 1500
Los Angeles, California 90071
Telephone (213) 627-5983
Facsimile (213) 627-6051

Attorney for Plaintiff
MARK D. DAVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

| | |
|---|---|
| MARK D. DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVIDSON HOTEL COMPANY, LLC, a Delaware limited liability company; TOM HARWELL, an individual; and DOES 1-50, inclusive,<br><br>    Defendants | Case No: CV12-06327 CAS (AJWx)<br><br>JUDGE: HON CHRISTINA A. SNYDER<br><br>**DECLARATION OF CHARLES L. MURRAY III IN SUPPORT OPPOSITION TO EX PARTE APPLICATION** |

**DECLARATION OF CHARLES L. MURRAY III**

I, Charles L. Murray III, declare as follows:

1. I am counsel of record for Plaintiff MARK D. DAVIS ("DAVIS") in this case.
2. I am a member in good standing of the State Bar of California and have been admitted to practice before this Federal Court in the Central District of California. This declaration is submitted in support of Plaintiff's Opposition to Defendants *ex parte* motion for an order to shorten time. I have personal knowledge of the facts set forth below and if called as a witness, I could and would testify to these same facts under oath.

3. On October 17, 2012, Plaintiff's initial disclosures included the identity of <u>TRACY WARD, MOHAMMAD GHAZIZADEH, AND LEILA CLAIRK</u> and their knowledge as to the hostile work environment and harassment of TRACY WARD.

4. Defendants conducted <u>no depositions</u> nor any discovery relating to TRACY WARD, MOHAMMAD GHAZIZADEH, AND LEILA CLAIRK.

5. At the Pre-Trial Conference on May 21, 2013, Counsel for Defendant ANN FROMHOLZ, had informed me that she intended upon filing a Motion in Limine to exclude all testimony alleging harassment that was not directed at Plaintiff DAVIS.

6. I understand this declaration is under the penalty of perjury, and I do not want to misrepresent anything. I do not specifically recall the discussions relating to specifying the exact witnesses or exact exhibits, but I am certain that on the pre-trial conference on May 21, 2013 I informed Ms. Fromholz that I was reserving my rights to call all witnesses and use all exhibits in my pre-trial disclosures. I have been to trial many times, and I would never preclude any witness or documents at such an early stage.

7. I recall Ms. Fromholz taking the same position that she was she was reserving all the Defendants rights to call all disclosed witnesses and exhibits.

8. There is absolutely <u>no prejudice</u> as Defendants were aware of the identity of these witnesses, and they would not have been able to conduct discovery after May 21, 2013.

9. On June 10, 2013 Defendant filed their Pre-Trial MEMORANDUM and specifically referred to CACI 2125A related to Claim No. 2 for Plaintiff's claims for Harassment by Association. Defendants correctly point out that Plaintiff filed his the next day, which also contained the reference to CACI 2125A.

10. The Declaration filed by Ms. Fromolz, in particular paragraph 5 of her declaration, is misleading. Ms. Fromholz was well aware of Plaintiff's

associational harassment claims as evidenced by (1) Plaintiff's First Amended Complaint; (2) Defendants' Reply to Plaintiff's Opposition to the MSJ; (3) The Court's Tentative Ruling; and (4) Defenants own MEMORANDUM filed on June 10, 2013 citing CACI 2125A.

11. I filed Plaintiff's MEMORANDUM on June 11, 2013 and corresponded with Defendants' Counsel relating to organizing the final pre-trial MEMORANDUM on June 11 and 12 of 2013.  I never received any issue or response they had with the filing of Plaintiff's MEMORANDUM nor Plaintiff's Witness List.

12. Defendants never attempted in good faith to Meet and Confer with this Ex Parte Application as I was given notice at 8:30pm on Friday, June 14, 2014.

Executed on June 17, 2013 in Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and understanding.

_____
Charles L. Murray III