Charles L. Murray III, SBN 195053
444 South Flower St., Suite 1500
Los Angeles, California 90071
Telephone (213) 627-5983
Facsimile (213) 627-6051

Attorney for Plaintiff
MARK D. DAVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

MARK D. DAVIS,

        Plaintiff,

    vs.

DAVIDSON HOTEL COMPANY, LLC, a
Delaware limited liability company;
TOM HARWELL, an individual; and
DOES 1-50, inclusive,

        Defendants

Case No: CV12-06327 CAS (AJWx)

Honorable Christina A.  Snyder

**PLAINTIFF MARK DAVIS'
OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE
TESTIMONY OF WITNESSES AND
ANY AND ALL TESTIMONY OF
HARASSMENT OF ANYONE OTHER
THAN PLAINTIFF; DECLARATION
OF CHARLES L. MURRAY III IN
SUPPORT THEREOF**

Hearing Date:  July 1, 2013

**TO THE HONORABLE CHRISTINA A. SNYDER, UNITED STATES DISTRICT
COURT JUDGE, AND TO ALL DEFENDANTS AND THEIR ATTORNEYS OF
RECORD:**

      Pursuant to the Court granting Defendants' Ex Parte Motion to Shorten
Time, Plaintiff MARK DAVIS submits the following Opposition Defendants
Motion in Limine seeking to exclude witnesses and indirect evidence inferring
discrimination and harassment in their workplace.

Defendants are now trying a new tactic to circumvent the authority cited by this Court in denying Defendants Motion for Summary Judgment. This Court, and others, acknowledged discrimination cases often rely in indirect evidence and inferences and the totality of the evidence should be viewed in a "cumulative" mode.

To avoid these standards, Defendants improperly seek to remove all reference of indirect evidence and inferences of mal intent by Defendants by mischaracterizing potential evidence as "me too".

The following issues are relevant and require denial of Defendants motion.

- Plaintiff alleges Defendants discriminated against Tracy Ward based upon sexual orientation. Defendants claim sexual orientation had nothing to do with it, and Defendants did not discriminate against Ward or harass Plaintiff because of his association with Ward. Evidence that infers a discriminatory intent is relevant and required for a "full fact finding" by the jury who views all evidence "cumulatively".

- Testimony that supports or infers discrimination in the workplace is relevant to establish a "discriminatory intent" by Defendants. If other witnesses also perceived this mal intent, then it is probative to the issues of intent, pretext, association/advocacy, and FEHA'S social context.

- Defendants wrongfully seek to exclude any testimony that infers Plaintiff's belief in discriminatory intent was proper and that Defendants had created an unhealthy work environment.

Defendants simply want to exclude probative evidence that supports Plaintiff's theory of the case. Turning this case into "he said, she said" mudslinging. Rather than a "full fact finding" inquiry as required by law.

OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE WITNESSES AND EVIDENCE

## I.  **DEFENDANTS EXHIBITS ESTABLISH PROPER DISCLOSURE.**

Defendants' first argument is to preclude both Leila Clark and Mohamad Ghazizadeh from testifying because they were not properly disclosed.

Defendants claim is a ploy to avoid and/or prevent damaging testimony. Federal Rule of Evidence 401, 402 *and* 403 are not to be used because a defendant will suffer damage to their defense because of testimony that relates to inferences of perceived discrimination and perception of a "severe" or "pervasive" environment.

Plaintiff's October 17, 2012 Rule 26 disclosures clearly lists both Leila Clark and Mohamad Ghazizadeh as witnesses:

> *F. Mohammad Ghazizadeh, employed by Hilton Corporate in Anaheim, facts surrounding complaint for harassment and hostile work environment alleged in Plaintiff's complaint, including harassment hostility towards Tracy Ward;*

> *I. Leila Clark, employed by Defendant, facts surrounding complaint for harassment and hostile work environment alleged in Plaintiff's complaint, including harassment hostility towards Tracy Ward;*

Leila Clark and Mohamad Ghazizadeh were disclosed in the October 17, 2012 Rule 26 Disclosures [Murray Decl.]

Leila Clark and Mohamad Ghazizadeh were again disclosed by Plaintiff in his June 11, 2013 Rule 16-4 Witness List.  [Murray Decl.]

They are not new witnesses. Defendants simply don't like what they have to say about them.  Which is not a basis for 401 or 403 objections.

Notably, Defendants elected not to take any depositions of Leila Clark and Mohamad Ghazizadeh and arguably have waived any claim of prejudice through their inaction [Murray Declaration ¶ 5].

Furthermore, Plaintiff's counsel expressly reserved the right to call all disclosed witnesses and documents [Murray Declaration ¶ 6].

## II. **DEFENDANTS PROPOSED MOTION IN LIMINE IS A DISGUISED EFFORT TO KEEP RELEVANT EVIDENCE AWAY FROM THE JURY.**

The Court in properly denying Defendants Motion for Summary Judgment cited California authority which holds discrimination in the workplace and harassment is difficult to prove and requires that the jury see "all" the evidence as to effectuate FEHA'S remedial statutory design.

**The Court "must bear in mind that, because discrimination cases often depend on <u>inferences</u> rather than on direct evidence"** (*Benson v. Northwest Airlines, Inc.* 62 F.3d 1108, 1111 (8th Cir. 1995), citing *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994).) emphasis added.

"[W]hether an environment is 'hostile' or 'abusive' can be determined only **by looking at all the circumstances**. *Miller v. Department of Corrections*, (2005) 36 Cal.4th 446, 462.  However, this determination requires judges and juries to exercise '[c]ommon sense, and an appropriate sensitivity to social context' in order to evaluate **whether a reasonable person in the plaintiff's position would find the conduct severely hostile or abusive."** *Beyda v. City of Los Angeles* (1998) 65 Cal.App.4th 511, 518-519; *See also* CACI 2524[1] specifically dealing with "circumstances" and "nature".

Plaintiff DAVIS believed Tracy Ward to be a good employee, and in light of the totality of the circumstances, felt the pressure to discipline Ward was clearly <u>pretext</u> for Defendants dislike for homosexuals.

The *Yanowitz* court further held that a court should consider all the acts allegedly taken by a defendant against a plaintiff "**collectively**. . . constitute a

---

[1] "Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.  In determining whether the conduct was severe or pervasive, you should consider all the circumstances. **You may consider any or all of the following**: **(a) The nature of the conduct**; (b) How often, and over what period of time, the conduct occurred; **(c) The circumstances under which the conduct occurred;** (d) Whether the conduct was physically threatening or humiliating;  (e) The extent to which the conduct unreasonably interfered with an employee's work performance.

OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE WITNESSES AND EVIDENCE

sufficient adverse employment action under the relevant standard (materially affecting the terms, conditions, or privileges of employment) *Yanowitz* at 1060.

Defendants' reliance on Federal Rules of Evidence 401, 402 and 403 is unpersuasive.

Rule 401 holds *Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.* Undeniably evidence directly, indirectly or inferring discriminatory intent based upon sexual orientation, affiliation or advocacy with a member of a protected class under FEHA meets <u>both</u> elements. Because of the "reasonable" person and "social context" implications, evidence from third parties relating to discriminatory intent and a perceived retaliation or severity or pervasiveness is relevant to the central issues. This evidence facts is not probatively outweighed because it supports Plaintiff. The "me too" position argumentative seeks to divert the Court and jury away from relevant evidence required by law for full fact finding.

<u>Defendants offer no supporting facts in their Motion in Limine under Rule 402</u> *Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.* Absent any reference to facts to trigger Rule 402, Defendants seem misguided and their argument unsupported at best.

Lastly, Defendants reliance on Rule 403 is speculative, unsupported by facts that demonstrate the relevant inferences and testimony would be prejudicial. This is not a case of "it is because we say it is." Defendants cannot improperly seek to exclude probative evidence related to factual issues of association or advocacy with a member of a protected class, retaliation and wrongful termination, and any material that will harm Defendants. Defendants seek to exclude of all evidence to leave a jury likely to wonder "what gay employee?" Or "what is protected?" Defendants have offered no evidence that

OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE WITNESSES AND EVIDENCE

ties Leila Clark and Mohamad Ghazizadeh potential testimony to a "me too" argument.  Nowhere in Plaintiff's disclosures does it say Leila Clark and Mohamad Ghazizadeh will testify they suffered discrimination or retaliation. Should they testify that Plaintiff and Ward suffered discrimination or retaliation, that would be heavily probative towards establishing Defendants intent and basis for Plaintiff's causes of action.

Simply put, Plaintiff must allege that Defendants aimed to or did discriminate against Ward because of his membership in a protected class. Plaintiff must introduce this relationship that then ties into FEHA and Plaintiff's advocacy or affiliation with the protected class member.  Defendants don't want this, so they desperately desire to remove the "gay" or "queer" evidence because it harms them.  However such evidence is not subject to Rule 403 because its against Defendants interests.

This Court stated in the first paragraph of page 6 of its' final ruling denying Defendants Motion for Summary Judgment:

> "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE ServiceCorp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) [Final Order June 17, 2013]

Evidence Rule 403 was not intended to be used to exclude probative evidence simply because harms Defendants.  Indirect evidence or evidence that infers and supports Plaintiff's case of discrimination is probative and not outweighed because Defendants don't like hearing supporting testimony.

Defendants have failed to assert any facts to support their objection under Rule 403 that the speculated testimony might outweigh probative value.

Defendants have once again gotten lost in their own authority that actually supports the admission, and not exclusion, of inferences and indirect evidence, thereby nullifying Defendants Rule 403 argument.

OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE WITNESSES AND EVIDENCE

### III.  **DEFENDANTS MISINTERPRET THEIR MISPLACED AUTHORITY.**

Defendants' reliance on *Beck v. United Food & Comm. Workers Union Local 99* (9th Cir. 2007) 506 F.3d 874; *Sprint/United Management Company v. Mendelsohn* (2008) 552 U.S. 379 and *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684 (9th Cir. 2001) [Defendants Motion in Limine, Pg. 2] is unpersuasive and seemingly misunderstood by Defendants.

In *Beck* the court found that the Plaintiff's limited evidence was comparative in nature, rather than statistical, and rejected a contention that the evidence was insufficient to establish discriminatory intent.  The limited evidence was predicated upon two men and a single woman.  The Court found the sole woman was treated differently.  Here we are again talking about limited evidence that the court in *Beck* held to be a sufficient test for relevance and admission.

In *Sprint/United Management*, the Supreme Court of the United States unanimously ruled *"[a]pplying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry. Because Rules 401 and 403 do not make such evidence per se admissible or per se inadmissible, and because the inquiry required by those Rules is within the province of the District Court in the first instance, we vacate the judgment of the Court of Appeals and remand the case with instructions to have the District Court clarify the basis for its evidentiary ruling under the applicable Rules."  Sprint* at 388.

Finally, in *Tennison* the Ninth Circuit held two "remote" six-year prior incidents of discrimination were prejudicial [*the exclusion of the more* **remote** *incidents of harassment and complaints would help mitigate the prejudice Defendants might encounter as a result of Plaintiffs' prosecution of a joint trial*] *Tennison* at 690.  Here, we are not talking about "remote" incidents six years prior.  This case is about the perceived discrimination of Ward and Plaintiff during the two-year term of Plaintiff's employment where Plaintiff and others

OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE WITNESSES AND EVIDENCE

parties also questioned discriminatory motive.  The jury is dealing with a relevant period of time <u>during</u> employment and the "totality" of the circumstances in which Plaintiff based his belief in discriminatory intent by Defendants.  Inferences and indirect evidence is relevant and heavily probative.

Clearly Defendants are simply trying to keep any and all evidence inferring discriminatory intent away from the jury.  This is opposite of the rulings in Defendants own rule of law from their authority.  Defendants have failed to offer any evidence or compelling argument that warrants use of Rule 403 to preclude the well established standard of admission of inferences and indirect evidence to establish discrimination and retaliation.

## IV.  <u>CONCLUSION</u>

The standard in discrimination cases is clear; evidence, even indirect evidence that infers a discriminatory motive is relevant to the issues discrimination/retaliation in the workplace.

It is not prejudicial simply because Defendants want to simply turn this into a "he said, she said" contest where they can circle the proverbial wagons and soapbox denial of liability.

In accordance with established law Defendants *Motion in Limine* should be denied and the jury allowed to weigh <u>all</u> the evidence.


Dated June 21, 2013          Respectfully Submitted for the Plaintiff


By:   __*/s/* Charles Murray_____
          Charles L. Murray III
          Attorney for PLAINTIFF MARK DAVIS