UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6327 CAS (AJWx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | MARK D. DAVIS V. DAVISON HOTEL COMPANY, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Charles Murray, III | Ann Fromholz |
| | Nicole Elemen |

**Proceedings:** MOTION IN LIMINE (1) TO PRECLUDE ADMISSION OF DOCUMENTS (Docket #51, filed June 3, 2013)

MOTION IN LIMINE (2) FOR EVIDENTIARY SANCTIONS (Docket #52, filed June 3, 2013)

MOTION IN LIMINE TO EXCLUDE WITNESSES (Docket #65, filed June 14, 2013)

## I.   INTRODUCTION

Plaintiff Mark Davis ("Davis") filed the instant action in Los Angeles County Superior Court on April 13, 2012, and defendants Davidson Hotel Company, LLC ("Davidson") and Thomas Harwell ("Harwell") removed the case to this Court on July 23, 2012. On March 1, 2013, plaintiff filed a first amended complaint ("FAC"), which asserts three claims under California law: (1) retaliation in violation of California Government Code § 12940(h), (2) unlawful harassment in violation of California Government Code § 12940(j), and (3) wrongful termination. In brief, plaintiff alleges that he was subject to harassment due to his association with Tracy Ward ("Ward") – one of plaintiff's former co-workers who identifies as homosexual – and that he was eventually fired for refusing to participate in discriminatory conduct directed at Ward.

On June 3, 2013, plaintiff filed two motions in limine. Defendants filed oppositions to these motions on June 10, 2013, and plaintiff replied on June 17, 2013. Additionally, on June 14, 2013, defendants filed a motion in limine. Plaintiff filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6327 CAS (AJWx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | MARK D. DAVIS V. DAVISON HOTEL COMPANY, LLC, ET AL. | | |

opposition on June 24, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II. PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff asks the Court to prevent defendants from calling witnesses and introducing documents that, according to plaintiff, should have been disclosed and produced in connection with the parties' initial disclosures pursuant to Federal Rule of Civil Procedure 26. Rule 26 requires litigants to disclose the following "without awaiting a discovery request":

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> [A] copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

The consequences of failing to comply with the initial disclosure obligations under Rule 26 are set out in Rule 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. Proc. 37. If the failure to disclose was "substantially justified or is harmless," however, sanctions are not appropriate. Id. When considering whether evidence should be excluded pursuant to Rule 37, courts have considered "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it failure to disclose the evidence." Dey, L.P. v. Ivax Pharmaceuticals, Inc., 233 F.R.D. 567, 571 (C.D. Cal. 2005); Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6327 CAS (AJWx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | MARK D. DAVIS V. DAVISON HOTEL COMPANY, LLC, ET AL. | | |

**A.     Request to Exclude Documents**

Plaintiff first asks the Court to prevent defendants from using any of the following categories of documents at trial:

- Documents Relating to bonus programs;
- Documents Relating to Sales Performance of Pasadena Hilton;
- Team Member Opinion Surveys for the Pasadena Hilton;
- Guest Satisfaction Tables for the Pasadena;
- Pasadena Hilton Room Consumption Reports); and
- Pasadena Hilton Monthly Star Report.

Each category of documents was referenced in defendants' initial Rule 26 disclosures, but the documents themselves were not produced until April 23, 2013, the last day of fact discovery. Fromholz Decl. Ex. 2 at 5 – 6. Plaintiff argues that exclusion of this evidence is proper because these documents should have been turned over in connection with the parties' initial Rule 26 disclosures. Plaintiff has not explained why this late showing was prejudicial, but contends that defendants should be subject to sanctions for allegedly dragging their feet.

In response, defendants explain that the documents were not disclosed until April 23, 2013 because the parties initially contemplated agreeing to a protective order, which would have limited the scope of the production. Defendants further explain that when, on April 23, 2013, it became clear that no agreement on a protective order could be reached, they produced the documents.

Here, sanctions are not warranted because plaintiff has made no showing of prejudice, surprise, or disruption in connection with trial preparation or other aspects of this litigation. Additionally, courts have found that "a prior court order requiring production is [generally] a necessary prerequisite to invoking . . . the sanction of exclusion." American Property Const. Co. v. Sprenger Lang Foundation, 274 F.R.D. 1, 9 (D. D.C. 2011). Evidentiary sanctions are therefore inappropriate because plaintiff never moved to compel production of the documents, even though he knew of their existence. Finally, defendants have proffered a good faith explanation regarding why the documents were not turned over in connection with the initial disclosures of the parties. Consequently, the Court declines to preclude the introduction of this evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6327 CAS (AJWx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | MARK D. DAVIS V. DAVISON HOTEL COMPANY, LLC, ET AL. | | |

### B. Request to Exclude Witnesses

Plaintiff's second motion in limine seeks to prevent defendants from calling two witnesses at trial, Jason Pressley ("Pressley") and Ava De Fontenelle ("Fontenelle"), because these witnesses were not disclosed in defendants' Rule 26 initial disclosures. Defendants plan to call both witnesses to support their contention that plaintiff was fired for cause.

Defendants admit that they did not inform plaintiff of their intent to call Pressley and Fontenelle as witnesses until May 21, 2013, but claim that their conduct was inadvertent. Additionally, defendants argue that their failure to identify these individuals as witnesses was harmless because defendants' conduct in discovery put plaintiff on notice that Pressley and Fontenelle were potential witnesses. Specifically, plaintiff served interrogatories asking defendants to identify which person acted as the "recruiter for Davidson" who stated that plaintiff caused problems recruiting qualified employees, and which person stated that plaintiff had made derogatory comments about Mexicans. Defendants' Response to Plaintiff's Interrogatories 24 – 25, Def. Ex. 7 at 4 – 5. In response, defendants identified Pressley as the recruiter and Fontenelle as the individual with knowledge about the derogatory remarks. Id. Finally, defendants argue that the proper remedy for failing to disclose the witnesses would be allowing plaintiff to depose the witnesses, not precluding their testimony.

In the absence of any showing of surprise, prejudice, or other unfairness, the Court declines to preclude testimony from Pressley and Fontenelle. Defendants should have clearly disclosed the identity of these witnesses at an earlier point in discovery, and are hereby admonished to abide by the Federal Rules of Civil Procedure in further proceedings. Nonetheless, it appears that the failure to disclose was harmless in light of defendants' discovery responses referenced above, which makes evidentiary sanctions inappropriate. The proper remedy for late disclosure would be to allow plaintiff to take the depositions of these witnesses, not to preclude their testimony entirely.

### III. DEFENDANTS' MOTION IN LIMINE

Defendants' motion in limine seeks to exclude testimony from Leila Clark ("Clark") and Mohammad Ghazizadeh ("Ghazizadeh"). These witnesses will purportedly offer testimony about harassment that Ward experienced while employed at Davidson.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6327 CAS (AJWx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | MARK D. DAVIS V. DAVISON HOTEL COMPANY, LLC, ET AL. | | |

Defendants argue that this testimony is not relevant. Since plaintiff is alleging a claim for harassment based on his association with Ward, defendants argue that the only facts relevant to plaintiff's claim are facts showing that plaintiff – not Ward – was subject to harassment. Additionally, defendants argue that because this testimony will focus the jury's attention on harassment suffered by Ward, it will tend to confuse the issues at trial and waste time. Finally, defendants argue that this testimony will give rise to peripheral "mini-trials" on tangential issues regarding whether Ward experienced harassment. Defendant concludes that the evidence should therefore be excluded pursuant to Federal Rules of Evidence 402 and 403.

Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Additionally, even if evidence is relevant, the Court may exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Since application of Rule 403 leads to the exclusion of relevant evidence, it is "an extraordinary remedy to be used sparingly." United States v. Patterson, 819 F.3d 1495, 1505 (9th Cir. 1987). Additionally, the risk of unfair prejudice can often be minimized by delivering an instruction informing the jury of the proper limited purposes for which potentially unfair evidence may be used. United States v. Cherer, 513 F.3d 1150, 1159 (9th Cir. 2008).

Where a plaintiff in a discrimination or harassment case seeks to introduce evidence of acts of discrimination not directly related to the facts underlying the plaintiff's claim, courts have found that exclusion can be appropriate under Rule 403. Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379, 388 (2008); Tennison v. Circus Circus Enterprises, Inc., 244 F.3d 684, 689 – 690 (9th Cir. 2001). Where the evidence concerns events remote in time from the events underlying the claim, this weighs in favor of exclusion, particularly where there is a dispute regarding the veracity of the evidence. Tennison, 244 F.3d at 690. In such a case, there is a risk that trial time could be consumed by "mini-trials," and that the jury could render a verdict based on harms suffered by employees other than the plaintiff. Id. Where, however, the evidence concerns events and facts closely related to the unlawful acts directed at the plaintiff, exclusion is disfavored. Mendelsohn, 552 U.S. at 388. Ultimately, the admissibility of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6327 CAS (AJWx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | MARK D. DAVIS V. DAVISON HOTEL COMPANY, LLC, ET AL. | | |

acts of discrimination directed at parties other than plaintiff is a "fact-intensive, context-specific inquiry," and there is no *per se* rule against such evidence. Id.

While defendant is correct that plaintiff must prove that he was personally subject to harassment in order to succeed on his claim, the Court cannot conclude that all testimony regarding harassment directed at Ward is therefore irrelevant. Plaintiff's claims arise out of his association with Ward, and therefore any harassment directed at Ward is closely related to plaintiff's theory of the case, and this weighs heavily against exclusion. Mendelsohn, 552 U.S. at 388. Facts about Ward's treatment at Davidson potentially corroborate several of plaintiff's contentions, including, *inter alia*, plaintiff's contention that Harwell harbored discriminatory animus towards Ward, plaintiff's contention that Harwell asked him to engage in discriminatory conduct directed at Ward, and plaintiff's contention that Patrick Lupsha knew that plaintiff had resisted Harwell's alleged efforts to subject Ward to unfair treatment. Additionally, to the extent the testimony shows that Ward was disliked and subject to harassment within Davidson, the testimony could corroborate plaintiff's contention that he was harassed due to his association with and advocacy for Ward. Finally, to the extent testimony about harassment suffered by Ward creates a risk that the jury will render a verdict based on something other than harassment suffered by plaintiff, this risk can be mitigated by a limiting instruction.

Accordingly, the Court declines to preclude all testimony from Clark and Ghazizadeh. To the extent the testimony becomes cumulative, unduly time consuming, or irrelevant to plaintiff's claims, however, a renewed motion to limit the testimony pursuant to Rule 403 may be appropriate. Defendants' motion in limine is therefore denied without prejudice.

## IV.    CONCLUSION

In accordance with the foregoing, defendants' motion in limine is hereby denied without prejudice, and plaintiff's motions in limine are hereby denied with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |